UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BROWN,

    Plaintiff,

v.

                              CASE NO.:

SYNCHRONY BANK, N.A.,

    Defendant.
_____/

## COMPLAINT

1. Unwanted "Robocalls" are the #1 consumer complaint in America today.

2. The number of people complaining about harassing robocalls is increasing at an alarming rate. In 2015, 2,125,968 complained to the Federal Trade Commission (FTC) and Federal Communications Commission (FCC), in 2016 this number increased to 3,401,614 2016 and in 2017 it increased again to 4,501,967.[1]

3. Synchrony Bank, N.A., robocalled the Plaintiff at least 100 times.

4. Synchrony Bank, N.A., has a corporate policy to robocall people thousands of times.

5. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm*

---

[1] It is important to recognize these merely reflect the number of individuals that complained to these agencies; the number of people that have been victimized by illegal robocalling abuse could be close to 100,000,000 in the last 3 years alone.

*Bank*, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014). Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

6. Plaintiff, John Brown, alleges Defendant, Synchrony Bank, N.A., robocalled him at least 100 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

7. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp.*, 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

8. Congress enacted the TCPA to prevent companies like Synchrony Bank, N.A., from invading American citizens' privacy and to prevent illegal robocalls.

9. Congress also enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

10. According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found,

automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

11. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

12. The violations alleged in the Complaint occurred in New Port Richey, Florida.

## FACTUAL ALLEGATIONS

13. At all times material hereto the Plaintiff has resided in New Port Richey, Florida.

14. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

15. Plaintiff is an "alleged debtor."

16. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

17. Defendant is a bank supervised by the Federal Deposit Insurance Corporation (FDIC) with its principal place of business in Kettering, Ohio, and conducts business in the State of Florida.

18. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7).

19. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

20. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 831-7733.

21. Plaintiff was the "called party" during each phone call subject to this lawsuit.

22.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can reasonably be expected to harass.

23.     Defendant did not have the Plaintiff's "express consent" to call his cell phone after being asked to stop.

24.     The courts narrowly construe "express consent".

25.     Defendant must prove it had the Plaintiff's "express consent" to call his cell phone using an "automatic telephone dialing system" (ATDS).

26.     Defendant must prove it had Plaintiff's "express consent" per the TCPA to call the Plaintiff on his cell phone using an ATDS for each account it called him on.

27.     Plaintiff put Defendant on notice he did not want Defendant or its debt collectors calling him further.

28.     Plaintiff repeatedly told Defendant to stop calling[2]

29.     Defendant did not have Plaintiff's express consent to call him on the accounts(s) it called him on after he demanded it stop calling.

30.     Plaintiff unequivically revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

31.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

32.     Defendant made at least one call to (727) 831-7733.

33.     Defendant made at least one call to (727) 831-7733 using an ATDS.

---

[2] Defendant should have the call logs showing the exact number of calls and the recordings which should illustrate exactly what Plaintiff said to Defendant and its debt collectors.

34. Defendant made at least ten (10) calls to (727) 831-7733.

35. Defendant made at least ten (10) calls to (727) 831-7733 using an ATDS.

36. Defendant made at least twenty five (25) calls to (727) 831-7733.

37. Defendant made at least twenty five (25) calls to (727) 831-7733 using an ATDS.

38. Defendant made at least fifty (50) calls to (727) 831-7733.

39. Defendant made at least fifty (50) calls to (727) 831-7733 using an ATDS.

40. Defendant made at least seventy five (75) calls to (727) 831-7733.

41. Defendant made at least seventy five (75) calls to (727) 831-7733 using an ATDS.

42. Defendant made at least one hundred (100) calls to (727) 831-7733.

43. Defendant made at least one hundred (100) calls to (727) 831-7733 using an ATDS.

44. Each call the Defendant made to (727) 831-7733 in the last four years was made using an ATDS.

45. Upon information and belief, Defendant has called other people's cell phones without their express consent.

46. Each time Defendant called Plaintiff on his cellular telephone it used an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

47. Defendant and its debt collectors placed the calls at issue by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

48. Plaintiff repeatedly requested the Defendant to stop calling his cell phone, however, the Defendant continued to call.

49. Upon information and belief Defendant has admitted to calling cell phones using an ATDS after that person asked for the calls to stop.

50. Defendant ignored Plaintiff's conversations with it putting it on notice he did not want to receive any more phone calls.

51. Upon information and belief, Defendant has recorded at least one conversation with the Plaintiff.

52. Upon information and belief, Defendant has recorded numerous conversations with the Plaintiff.

53. Defendant has made approximately one hundred (100) calls to Plaintiff's aforementioned cellular telephone number since in or about November of 2017, which will be established exactly once Defendant turns over its dialer records.

54. Despite actual knowledge of its wrongdoing, the Defendant continued the campaign of abusive robocalls.

55. Defendant has numerous other federal lawsuits pending aginst them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court 607 times in the last (4) years (Per PACER in September 2018).

56. In the last (3) years, the Defendant, Synchrony Bank, N.A. has had 4,547 complaints reported to the Better Business Bureau (BBB), of which 2,412 of those complaints are classified as being related to "Billing/Collection Issues" (Per BBB.org in September 2018).

57. By effectuating these unlawful phone calls, Defendant has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

58. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon his seclusion.

59. Defendant's phone calls harmed Plaintiff by wasting his time.

60. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007).

61. Defendant's corporate policis and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

62. Defendant's corporate policies and procedures provided no means for Plaintiff to have her aforementioned cellular number removed from the call list.

63. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

64. As alleged above, Plaintiff unequivically revoked any consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls. Making money while breaking the law is considered an incentive to continue violating the TCPA and other state and federal statutes.

65. Defendant never had the Plaintiff's express consent for placement of telephone calls to her aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

66. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

67. Defendant violated the TCPA and FCCPA with respect to the Plaintiff.

68. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

69. Plaintiff incorporates Paragraphs one (1) through sixty-eight (68).

70. Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after he revoked his consent to be called by it using an ATDS or pre-recorded voice.

71. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's cellular telephone after he revoked his consent to be called by them using an ATDS or pre-recorded voice.

72. Defendant, Synchrony Bank, N.A., repeatedly placed non-emergency telephone calls to the Plaintiff's cellular telephone number using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

73. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

74. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, Synchrony Bank, N.A., from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Synchrony Bank, N.A., for statutory damages, punitive damages, actual damages and any other such relief the Court deems just and proper.

### COUNT II
### (Violation of the FCCPA)

75. Plaintiff incorporates Paragraphs one (1) through sixty-eight (68).

76. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

77. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or his family with such frequency as can reasonably be expected to harass them.

78. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or his family.

79. Defendant has violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knows the debt is not legitimate or asserts the existence of some legal right when Defendant knows that right does not exist.

80. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Synchrony Bank, N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the Court deems just and proper.

Respectfully submitted,

*/s/ Heather H. Jones*
Heather H. Jones, Esq.
Florida Bar No. 0118974
William "Billy" Peerce Howard, Esq.
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM, PLLC
4030 Henderson Blvd.
Tampa, FL 33629
Telephone: (813) 500-1500, ext. 205
Facsimile: (813) 435-2369
Heather@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*